### JOHNSON v. PETTIT et al.

(Supreme Court, Special Term, New York County. November, 1906.)

1. MUNICIPAL CORPORATIONS—CHANGE IN GRADE OF STREET—DAMAGES—AWARD BY BOARD—REVIEW IN EQUITY.

Where an action is brought by plaintiff to have it declared that he is the owner of certain property damaged by the elevation of the street grade, and entitled to the award of damages made by the board of assessors, although the action is one in equity to determine the question of title, yet the effect of it is to review the action of the board in awarding the amount to the owner of the property at the time the damages occurred.

2. SAME.

An award of the board of assessors of the city of New York, under Laws 1905, p. 1529, c. 626, whereby the board is authorized in its discretion to ascertain and award damages to the owners of certain real property by reason of a change in the grade of a street, is not reviewable by an action in equity, except in cases where such awards have been obtained by fraud.

Action by William Johnson against Le Grande Pettit and another to have it declared that plaintiff is the owner of certain property and entitled to an award of damages, and that the city be required to pay to the plaintiff the amount so awarded. Complaint dismissed.

John C. Shaw, for plaintiff.
J. A. Flannery, for defendant Pettit.
John J. Delany, for defendant city of New York.

NEWBURGER, J. Chapter 626, p. 1529, of the Laws of 1905, authorized the board of assessors of the city of New York, in its discretion, to fix, determine, and allow the amount of damages sustained by

owners of real property fronting upon Riverside avenue, between Ninety-Fifth and Ninety-Seventh streets, and upon West Ninety-Sixth street, between West End avenue and Riverside avenue, by reason of the elevation of the grade of Riverside avenue. The contract for the construction of the viaduct over Ninety-Sixth street had been let, and work began on the 11th day of September, 1900. The work was completed in August, 1902. On the 13th day of June, 1905, the defendant Pettit filed his claim for damages, and on the 21st day of February, 1906, the plaintiff filed his claim for damages, both claiming to be the owners of the same property on West Ninety-Sixth street. The title to the property appears to have been in the plaintiff up to May 1, 1901, and from that date until July 31, 1902, the title to the property was held by the defendant. After the filing of the claims before the assessor's testimony was taken, and on the 30th day of March, 1906, the board of assessors filed with the comptroller of the city of New York a certificate, which recited that hearings were had before said board, and all proofs and evidence of ownership of the property had been offered, and that said assessors, upon the evidence presented, did award to the defendant herein damages accrued upon the premises in the sum of $25,000, with interest. This action is now brought by the plaintiff to have it declared that he is the owner and entitled to the award, and that the city be required to pay to the plaintiff the amount so awarded.

While this action is one in equity to determine the question of title, the effect of it is to review the action of the board of assessors in awarding the amount to the owner of the property at the time the damage occurred. The authorities relied upon by the plaintiff were either actions in which the owners were unknown or cases in which there was a question as to priority of title by reason of mortgages or assignments. In a case based upon a similar statute it was held that the power of the board of assessors was permissive rather than mandatory, and it was left to the discretion of the board to determine whether the owners of the property had sustained any damage, and, if so, the extent of that damage, and that such award was final. See Stephens v. Phillips, 88 App. Div. 560, 85 N. Y. Supp. 200. I can find nowhere any authority that would authorize this court in an action in equity to review the action of the board of assessors in making the award, except in cases where such awards have been obtained by fraud; and, as there is no allegation of fraud in this case, the complaint must be dismissed upon the merits.